HARRIET VAUGH, ET AL., *v.* J. H. NEELEY.

**Judicial Sale—Mortgage Foreclosure—Judgment—Descriptions.**
> A judgment for the sale of land will be reversed where it does not in itself contain such a description of the land as will enable the master to find it without reference to the title papers.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

February 27, 1875.

OPINION BY JUDGE PETERS:

The evidence is insufficient to authorize the interference of the chancellor on the ground that the appellant, Harriet Vaugh, was, by duress or intimidation, induced to execute the mortgage. Nor can the contract be avoided on the ground that it was a compounding of a felony. Neeley swears that he never made any such charge against O. C. Vaugh, that he neither obtained nor applied for a warrant against him on any charge whatever.

Haggard proves he was a justice of the peace for Cumberland county, has some vague recollection of having issued a warrant against O. C. Vaughn, but has no recollection of what the charge was against him; he supposes it was issued upon the application and affidavit of some one, perhaps Neeley, but cannot certainly say; the process, whatever it was, has never been returned. And Baker, the constable, had some kind of process against him, but cannot say what it was, as he never read it. He went to Vaughan's once, and walked away and did not execute it. There is nothing, therefore, definite. or approximating to that certainty upon which to found judicial action.

But the judgment must be reversed for a failure to identify the land to be sold. This court has repeatedly held that a judgment for

the sale of land must, in itself, contain such a description of the land as will enable the master to find it without reference to the title papers. In this judgment, the master directed to sell the land described in the mortgage, or so much thereof as will pay the debt. And when that instrument is examined, it purports "The following described property," viz., lying on the left hand side of the Burksville & Lexington road about one mile and a fourth south of Burksville, beginning at the division line between Martin Baker and James Gilmon, at the river, thence, to the old Henry Carg corner, on the river, thence, to a branch on the left hand branch of said road, thence, with the meanders of the branch, to the division line, thence, with said division line to the beginning.

No courses nor distances are given; no place is identified as the beginning corner, and it would be impossible to find the land even with or without a surveyor. No quantity is named.

The judgment must be *reversed* and the cause remanded with directions for other proceedings consistent herewith.

*Spenser & Allen, for appellants.*
*Craddock & Walker, for appellee.*